```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    22cv3622 (DLC)
ANUPAMA DEUPATHY HETTIARACHCHIGE, et     :
al.,                                     :
                                         :    MEMORANDUM OPINION
                       Plaintiffs,       :    AND ORDER
                                         :
              -v-                        :
                                         :
RENA BITTER, Assistant Secretary for     :
Consular Affairs, et al.,                :
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiffs:
Fooksman Law Firm, P.C.
Marina Fooksman
303 Fifth Avenue, Suite 508
New York, NY 10016

For the defendants:
United States Attorney's Office SDNY
Joshua S. Press
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

Anupama Deupathy Hettiarachchige and Keshani Rozaine Malmi De Silva Liyanaralalage (together, "Plaintiffs") bring this action against Attorney General Merrick Garland; Secretary of State Antony Blinken; and other State Department officials (together, "Defendants"). Plaintiffs claim that Defendants violated the Administrative Procedure Act, 5 U.S.C. § 551 et seq., by failing to adjudicate Ms. Liyanaralalage's visa

1

application and seek mandamus relief.  Defendants moved to dismiss this action on July 13, 2022.  For the following reasons, the motion to dismiss is granted.

## Background

Mr. Hettiarachchige is a U.S. citizen and spouse of Ms. Liyanaralalage, a Sri Lankan citizen.  Mr. Hettiarachchige filed a Form I-130: Petition for Alien Relative ("I-130") on behalf of his wife.  After the I-130 was approved, Mr. Hettiarachchige sent it to the Department of State's National Visa Center along with the necessary documents and fees.  The application was received on July 18, 2019.  On February 18, 2020, Ms. Liyanaralalage attended the immigrant visa interview at the U.S. Consulate in Colombo, Sri Lanka ("Sri Lanka Consulate").  Her visa application was refused.  On May 12, Ms. Liyanaralalage provided the Sri Lanka Consulate the documents the visa officer requested.  Since then, both Ms. Liyanaralalage and Mr. Hettiarachchige have made multiple inquiries about her visa application to the Sri Lanka Consulate and to the office of Senator Kirsten Gillibrand, and all responses indicated that the visa application was under review.  Plaintiffs' counsel also made inquiries to LegalNet, whose staff works with the Visa Office, and LegalNet contacted the Sri Lanka Consulate.  As of January 31, 2022, LegalNet informed Plaintiffs' counsel that the application is undergoing administrative processing.  Mr.

Hettiarachchige most recently emailed the Sri Lanka Consulate on March 27, 2022, and had yet to receive a response at the time this action was filed.

Plaintiffs filed this mandamus action on May 5, 2022, requesting that the Court order Defendants to adjudicate Ms. Liyanaralalage's visa application. On July 13, Defendants moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. The motion became fully submitted on August 4. This case was reassigned to this Court on August 17.

### Discussion

When a Rule 12(b)(1) motion is made solely based on the allegations in the pleading, the "task of the district court is to determine whether the [p]leading alleges facts that affirmatively and plausibly suggest" that subject-matter jurisdiction exists. Carter v. HealthPort Tech., LLC, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted). In making this determination, the court must "accept as true all material factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff." Lacewell v. Off. of Comptroller of Currency, 999 F.3d 130, 140 (2d Cir. 2021) (citation omitted). To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076–77

(2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." Hamilton v. Westchester County, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted).

Defendants argue that this action to compel the adjudication of Ms. Liyanaralalage's visa application is nonjusticiable under the doctrine of consular nonreviewability, to wit, "the principle that a consular officer's decision to deny a visa is immune from judicial review." Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 123 (2d Cir. 2009). The Second Circuit has not been clear as to whether consular nonreviewability is a jurisdictional question or a prudential consideration. See id. Nevertheless, "[i]t is settled that the judiciary will not interfere with the visa-issuing process."[1]

---

[1] While there is a narrow exception to consular nonreviewability when "a plaintiff, with standing to do so, asserts a First Amendment claim to have a visa applicant present views in this country," that exception is not implicated here. Napolitano, 537 F.3d at 125.

Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1181 (2d Cir. 1978). Courts in this Circuit have applied consular nonreviewability to actions in which applicants ask a court to compel the adjudication of a visa application. See Abdo v. Tillerson, No. 17cv7519, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 15, 2019) (collecting cases).

The motion to dismiss is granted. Here, Plaintiffs ask the Court to compel the adjudication of Ms. Liyanaralalage's visa application. Under the doctrine of consular nonreviewability, the Court is without jurisdiction to do so. Citing cases from outside the this Circuit, Plaintiffs argue that consular nonreviewability does not apply when an applicant seeks to have the State Department adjudicate an application when the State Department has refused to do so, which Plaintiffs assert is distinguishable from a challenge to the denial of a visa application. This is a distinction without difference in the Second Circuit. Consular nonreviewability applies when, as is the case here, plaintiffs request that a court compel the adjudication of a visa application. Therefore, this action is nonjusticiable.[2]

---

[2] Defendants also assert that the action should be dismissed as to Attorney General Garland because the complaint does not allege any claims against him and that Plaintiffs lack standing. Because Plaintiffs' claims are nonjusticiable, it is unnecessary to address these additional arguments.

## Conclusion

Defendants' July 13 motion to dismiss is granted. The Clerk of Court is directed to enter judgment for Defendants and close the case.

Dated:  New York, New York
        December 16, 2022

                    _____
                            DENISE COTE
                    United States District Judge